FILED
SEP 0 6 2005
CLERK, U.S. ...
ORLANDO DIVISION

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In re: | |
| RAMESH M. KADIWAR, | Case No. 6:04-bk-13067-ABB |
| | Chapter 7 |
| Debtor. | |
| | |
| BASSAM NASSER, | |
| Plaintiff, | |
| vs. | Adv. Pro. No 6:05-ap-00025-ABB |
| RAMESH M. KADIWAR, | |
| Defendant. | |

## MEMORANDUM OPINION

This case came before the Court on the Complaint (Doc. 1) by Plaintiff Bassam Nasser ("Plaintiff") against Ramesh M. Kadiwar, the Defendant and Debtor herein ("Debtor"). While the Plaintiff's Complaint fails to cite any specific Bankruptcy Code provisions, the Plaintiff asserted at trial that this is an action to determine both the dischargeability of a personal loan and whether the Debtor should be denied a discharge of debt. Presumably, the Plaintiff brings his Complaint pursuant to 11 U.S.C. §§523 and 727. A trial was held on July 12, 2005. Appearing at trial was the Plaintiff, *pro se*. The Debtor did not appear, nor was counsel for the Debtor present. After reviewing the pleadings and evidence, and hearing live testimony and argument of the Plaintiff, the Court finds that there is no basis to except the debt from the Debtor's discharge and no basis to deny the Debtor a discharge of debt, and judgment will be entered for the Debtor.

The following Findings of Fact and Conclusions of Law are made:

## FINDINGS OF FACT

On June 14, 2004 the Plaintiff and the Debtor entered into a Promissory Note under which the Plaintiff made a loan to the Debtor in the principal amount of $37,000.00. The Promissory Note recites that it is secured by a lien in the amount of $65,000.00 against certain inventory and equipment owned by the Debtor.

On December 6, 2004 the Debtor filed a voluntary individual Chapter 7 bankruptcy petition in this Court. In Schedule D of his Schedules, the Debtor lists a debt owing to the Plaintiff in the amount of $37,000.00. Schedule D at p. 1. The Plaintiff's correct address is listed in Schedule D and the Plaintiff received notice of the Debtor's bankruptcy filing from the Court.

It appears that the Plaintiff is seeking to have the debt owed by the Debtor to him declared nondischrageable pursuant to §523 of the Bankruptcy Code or to have the Debtor denied a discharge pursuant to §727 of the Bankruptcy Code. However, neither in his Complaint nor in his trial presentation does the Plaintiff identify any specific provisions of the Bankruptcy Code.

The Plaintiff presented three documents as exhibits at trial, which were accepted into evidence. The exhibits include the Promissory Note and two printouts of real property ownership records for property described as "Lot 28 Kingsbridge East Village Unit 1," which property is or was the Debtor's home. The Plaintiff apparently obtained the property information printouts from various websites. The only other evidence presented by the Plaintiff at trial was the Plaintiff's testimony. The Plaintiff testified that the Debtor acted wrongfully by failing to notify the Plaintiff of the bankruptcy case. However, upon inquiry by the Court the Plaintiff confirmed that he had received an official notice of the bankruptcy filing from the Court. Also, the Debtor's schedules reflect that the Debtor did list the Plaintiff as a creditor. The Plaintiff also testified that the Debtor

acted wrongfully in allegedly selling the Debtor's home to a relative for less than fair market value and selling his gasoline station business, without notifying the Plaintiff of any such transfers or disclosing such alleged transfers in his bankruptcy papers. The Plaintiff testified that he holds a lien on the inventory and equipment associated with the gasoline station, but provided no proof that such lien was ever perfected.

## CONCLUSIONS OF LAW

The Plaintiff testified and argued at trial that the debt arising under the Promissory Note should be excepted from discharge and that the Debtor should be denied a discharge because the Debtor acted wrongfully in his dealings with the Plaintiff and in his bankruptcy case. The party objecting to the dischargeability of a debt carries the burden of proof, and the standard of proof is preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 291, 111 S.Ct. 654, 661, 112 L.Ed.2d 755 (1991). The Court finds that the Plaintiff's evidence fails to prove that any basis exists for excepting the debt owed by the Debtor to the Plaintiff from discharge pursuant to §523 of the Bankruptcy Code. The evidence presented by the Plaintiff does not establish any of the elements required to prove the non-dischargeability of a debt pursuant to §§523(a)(2), (3), (4), or (6) of the Bankruptcy Code. The Court also finds that the Plaintiff's evidence fails to establish a denial of discharge cause of action against the Debtor pursuant to §727 of the Bankruptcy Code.

Because the Plaintiff has failed to carry his burden of proof in establishing either a §523 or a §727 action, the debt arising under the Promissory Note cannot be excepted from discharge, the Debtor cannot be denied a discharge, and judgment shall be entered in favor of the Debtor.

3

A separate order will be entered.

Dated this 6th day of September, 2005.

ARTHUR B. BRISKMAN
United States Bankruptcy Court

4